[Cite as *Cofer v. Boggan*, 2026-Ohio-2803.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| WILBUR L. COFER, II, | : | APPEAL NO. C-250673 |
| | | TRIAL NO. DR-2400028 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| PARISIAN M. BOGGAN, | : | *JUDGMENT ENTRY* |
| Defendant-Appellee. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 7/22/2026 per order of the court.**

**By:**_____
   **Administrative Judge**

[Cite as *Cofer v. Boggan*, 2026-Ohio-2803.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


WILBUR L. COFER, II,               :          APPEAL NO.   C-250673
                                              TRIAL NO.    DR-2400028
     Plaintiff-Appellant,     :

 vs.                               :

PARISIAN M. BOGGAN,                :
                                              *O P I N I O N*
     Defendant-Appellee.      :



Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: July 22, 2026


*Ramblewood Law, LLC,* and *Christopher Grayson*, for Plaintiff-Appellant,

*Parisian M. Boggan*, pro se.

**KINSLEY, Presiding Judge.**

{¶1} The Hamilton County Court of Common Pleas, Domestic Relations Division found defendant-appellee Parisian Boggan ("Mother") in contempt for failing to follow the court's order for parenting time between her five-year-old daughter, A.C., and plaintiff-appellant Wilbur Cofer ("Father"). But it allowed Mother to purge the contempt by paying a $250 fine and by making up 11 days of Father's parenting time with A.C. Father contends the make-up time never happened. But at a hearing on the matter, the trial court concluded, based solely on the representations of Mother's counsel, that A.C. refused to visit Father and that Mother had successfully purged the contempt. It did so without admitting any evidence and after Father's counsel indicated that he disputed Mother's counsel's version of events.

{¶2} Father argues on appeal that this process constituted an abuse of the trial court's discretion. We agree. Because the trial court lacked any evidence upon which to base its factual findings, we reverse the trial court's judgment and remand the matter to the trial court to conduct an evidentiary hearing on the question of whether Mother purged the parenting-time condition of her contempt.

### Background

{¶3} On March 28, 2025, the trial court entered a final decree of divorce that designated Mother as the sole residential parent of the parties' minor child, A.C., and granted Father parenting time every other weekend. On May 8, 2025, Father filed a contempt motion, alleging that Mother regularly denied Father his parenting time and phone calls with A.C., who was then five years old. After a hearing, the magistrate found Mother to be in contempt and ordered her to pay a $250 fine and to serve 30 days in jail. However, pursuant to the magistrate's order, Mother could purge the contempt and avoid serving the sentence by both paying the fine and allowing Father

to have 11 days of make-up parenting time. The trial court adopted the magistrate's decision.

{¶4} A hearing was scheduled for November 4, 2025 to determine whether Mother had satisfied the purge conditions. In the meantime, Mother filed a number of motions unrelated to the contempt finding, including a motion to modify Father's parenting time, a motion to modify child support, and a motion to appoint a guardian ad litem ("GAL"). Those motions were also scheduled to be heard at the November 4, 2025 hearing, which occurred over Zoom.

{¶5} The trial court first inquired about the basis for Mother's motions. In response, Mother's attorney informed the court that A.C. had refused to go with Father during the parties' parenting exchanges and indicated that she had proof "as part of [her] exhibits." She further explained that Mother attempted to exchange A.C. with Father as ordered, except for one weekend when she had car trouble. Mother's attorney requested that the trial court appoint a GAL and conduct an investigation into why A.C. did not want to spend time with Father.

{¶6} In response, Father's counsel[1] redirected the trial court to the question of whether Mother complied with the purge conditions. Father's attorney agreed that Mother appeared at the agreed-upon time to exchange A.C. and that A.C. refused to go. But he expressed a "completely different view[] to what the truth is" and argued that Mother was responsible for A.C.'s refusal to get out of the car, given her very young age. Father's counsel also indicated that he was "ready to present evidence" that Mother and A.C. drove out of town the weekend of Mother's alleged car trouble, thus

---

[1] The transcript incorrectly identifies Father's counsel as Father. We can discern, however, that the person speaking was Father's attorney, because the trial court repeatedly used counsel's first name in addressing the person who was speaking. The comments were also delivered in the third-person, as if spoken about someone else, rather than in the first-person. Thus, we attribute the comments in the transcript that are labeled as Father to Father's counsel.

undercutting her assertion that she fully complied with the purge conditions. Both parties agreed, however, that Mother paid the $250 fine.

{¶7} Based solely on Mother's counsel's comments, the trial court found that Mother had purged the contempt. It issued a written order to that effect on November 7, 2025. The order concluded that Mother had "done her best to comply with the purge requirements and that her failure to fully comply . . . [was] due to the child's outright refusal to go with Father for his parenting time."

{¶8} Father has appealed.

*Analysis*

{¶9} In his sole assignment of error, Father argues that the trial court abused its discretion in finding that Mother satisfied all contempt purge conditions without receiving any evidence or conducting an evidentiary hearing.

{¶10} We review a trial court's decision in contempt proceedings for an abuse of discretion. *Liggett v. Liggett*, 2022-Ohio-4700, ¶ 6 (1st Dist.). An abuse of discretion occurs when a court exercises its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority. (Cleaned up.) *Gipson v. Mercy Health Sys. of S.W. Ohio,* 2025-Ohio-2208, ¶ 12 (1st Dist.), quoting *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. "[I]t implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Hayes v. Durrani*, 2021-Ohio-725, ¶ 8 (1st Dist.), quoting *Boolchand v. Boolchand*, 2020-Ohio-6951, ¶ 9 (1st Dist.).

{¶11} The purpose of civil contempt is to coerce the contemnor to obey a judicial order for the benefit of a third party. *Sorice v. Sorice*, 2023-Ohio-4012, ¶ 18 (7th Dist.). Thus, a jail sentence imposed as a punishment for civil contempt is merely conditional. *Id.* A trial court is therefore required to provide the contemnor with a means to purge the contempt, giving the contemnor "the keys of his prison in his own

pocket." *Ohio Organizing Collaborative v. Ohio Redistricting Comm.*, 2022-Ohio-1750, ¶ 14.

**{¶12}** Prior to imposing a jail sentence for contempt, a trial court may conduct a hearing to determine whether the contemnor has successfully satisfied the purge conditions. *Docks Venture, LLC v. Dashing Pacific Group, Ltd.*, 2014-Ohio-4254, ¶ 20. "A purge hearing is not a new contempt proceeding but a conclusion of the originating contempt hearing, because its purpose is to determine whether the contemnor has satisfied the purge conditions." *Liming v. Damos*, 2012-Ohio-4783, ¶ 16. "The only issue left for the purge hearing is whether the contemnor complied with the purge requirements." *Id.*

**{¶13}** At the purge hearing, the contemnor bears the burden to establish compliance with the purge conditions. *State ex rel. Robles v. Mendez*, 2014-Ohio-1083, ¶ 11 (8th Dist.). To the extent the contemnor challenges the purge conditions as impossible, the contemnor also bears the burden of proving the defense of impossibility. *In re A.N.*, 2013-Ohio-3816, ¶ 11 (8th Dist.), citing *Peach v. Peach*, 2003-Ohio-5645, ¶ 37 (8th Dist.). A trial court's failure to allocate the burden of proof of an impossibility defense in a purge proceeding to the contemnor constitutes reversible error. *See id.* at ¶ 9.

**{¶14}** Such an error exists here. The trial court concluded that Mother's compliance with the parenting-time purge condition was essentially impossible in light of A.C.'s refusal to go with Father at the parenting exchanges, and it purged Mother's contempt based on this factual finding. But no evidence in the record supported this conclusion, as the trial court's sole authority for its determination were the unsworn, unexamined statements of Mother's counsel. "[I]t is well-settled that attorney statements and representations before a court do not constitute evidence."

*State v. Dickey*, 2023-Ohio-705, ¶ 11 (1st Dist.). And without any evidence in the record, Mother could not meet her burden of demonstrating that she fulfilled the makeup parenting-time condition or that doing so was impossible. *See State ex rel. Robles* at ¶ 11; *In re A.N.* at ¶ 9.

**{¶15}** We see Mother's compliance with the $250 fine condition differently. Mother's counsel represented that Mother had paid the fine, and Father agreed. The parties therefore stipulated to the fact of her payment. Based on that factual stipulation, the trial court did not abuse its discretion in deeming that aspect of the contempt sanction purged.

**{¶16}** It did, however, abuse its discretion when it ordered that the finding of contempt against Mother was purged without any evidence on which to base that finding. We accordingly sustain Father's assignment of error, reverse the judgment of the trial court, and remand the cause for the trial court to conduct an evidentiary hearing on the question of whether Mother satisfied the parenting-time purge condition.

Judgment reversed and cause remanded.

**BOCK** and **NESTOR, JJ.,** concur.